SO ORDERED.

SIGNED this 16 day of May, 2011.

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

GURNEY JACKSON HUFHAM and                    CASE NUMBER: 08-07606-8-JRL
JOY L. HUFHAM,                                              CHAPTER 7

     Debtors.


IN RE:

WALTER L. HINSON, Trustee,                       ADVERSARY PROCEEDING
                                                                  NO.  10-00021-8-JRL
     Plaintiff,

v.

CHASE HOME FINANCE, LLC,
SUBSTITUTE TRUSTEE SERVICES,
INC. in its capacity as Trustee,
BRANCH BANKING AND TRUST
COMPANY, and BB&T
COLLATERAL SERVICE
CORPORATION, in its capacity as
Trustee,

     Defendants.

_____

### ORDER

This matter came before the court on cross motions for summary judgment.  A hearing

was held on March 9, 2011, in Raleigh, North Carolina.  On March 21, 2011, the court entered

an order staying the motions for summary judgment for 90 days to allow time for a ruling by the

Fourth Circuit in the case of Butler v. Deutsche Bank Trust Co. (In re Rose), 2009 WL 2226658

(Bankr. E.D.N.C. July 20, 2009), which was on appeal.  The parties agreed that the outcome of

Rose was pertinent to the resolution of the present matter.  On March 21, 2011, the United States

Court of Appeals for the Fourth Circuit entered an unpublished opinion affirming the opinion of

the United States District Court for the Eastern District of North Carolina.  In light of this

disposition, the court now addresses the motions for summary judgment.

## JURISDICTION

This court has jurisdiction over the parties and the subject matter of this proceeding

pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the

United States District Court for the Eastern District of North Carolina on August 3, 1984.  This

is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and

determine.

## UNDISPUTED FACTS

1.  The property at issue is located in Onslow County, North Carolina.  The property was

acquired by the debtors through a general warranty deed, recorded June 23, 2004.  The brief

description of the property contained on the face of the deed identifies the property as Lot 17,

Block 14.  An attachment to the deed then provides the correct legal description as all of Lot 7,

Block 14.  This deed, under which the debtors were grantees, refers a searcher to a prior deed.

The prior deed identifies the Lot as 17 in its legal description.  Although not noted in the

debtors' deed, the prior deed was corrected two minutes before the debtors took ownership of the

property.  The correction of the description to "Lot 7, Block 14" was made through an affidavit executed by closing counsel.

2.   All of the deeds correctly reference a map book which shows that Lot 17 does not exist.

3.   On January 23, 2007, the property was secured by a deed of trust in favor of American Brokers Conduit in the original amount of $417,000.00 (the "American deed of trust").  The legal description contained in the American deed of trust identified the property as all of Lot 17, Block 14.  The American deed of trust also twice included the street address as a marker, which the parties agree is correct, and corresponds to Lot 7, Block 14.

4.   Also on January 23, 2007, a deed of trust in favor of BB&T was recorded (the "BB&T deed of trust").  The BB&T deed of trust correctly identifies the Lot as number 7 on the face of the document under the heading "brief description for index," but mistranscribed the Lot number as 17 on the attached legal description.

5.   On October 30, 2008, the debtors filed a chapter 7 bankruptcy petition.  Walter Hinson, the plaintiff, was appointed trustee.  Having previously purchased the note from American, Chase Home Finance, LLC recorded an amended deed of trust on October 31, 2008.  The amendment was filed to correct the legal description from Lot 17 to Lot 7; however, on the date of petition, the deed of trust purchased by Chase still reflected the discrepancy.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no

3

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## ANALYSIS

At the hearing on March 9, 2011, the parties agreed that the present facts mirrored Butler v. Deutsche Bank Trust Co. (In re Rose), 2009 WL 2226658 (Bankr. E.D.N.C. July 20, 2009), and that the instant case turned on the outcome of the appeals taken from Rose. The District Court for the Eastern District of North Carolina affirmed Rose on February 9, 2010. Upon further appeal, the Fourth Circuit affirmed the findings of both the district court and this court in its unpublished opinion dated March 21, 2011.

In Rose, the deed conveying the property to the debtor was correct, containing the description of the subject property as Lots 20 and 21, Block 96, in Carolina Beach. Two mortgages on the property correctly described the property. The ambiguity arose within the third deed of trust, which purported to encumber Lots 20 and 21, Block 98. Because this third deed of trust appeared in the chain of title as an out-conveyance by the grantor during a period of ownership it raised the question of whether the debtor also owned property in Block 98. Upon returning to the grantee index, a searcher would discover that the debtor never owed Lots in

4

Block 98.  Therefore, the searcher had constructive notice that something was amiss, and that the third deed of trust possibly encumbered the debtor's property.  Under these findings, the trustee could not act as a bona fide purchaser to avoid the claim against the estate. 11 U.S.C. § 544(a)(3).

It is well established in North Carolina that ". . . a purchaser of land will examine each recorded deed and other instrument in his chain of title and [that the law] charges him with notice of every fact affecting his title which an accurate examination of the title would disclose." Waters v. NC Phosphate Corp., 310 N.C. 438, 441-2 (1984)(citing, Hensley v. Ramsey, 283 N.C. 714 (1973)).  Here, both the American deed of trust and the BB&T deed of trust contain draftsman's errors.  In the legal description attached to the American deed of trust, the subject property is identified as Lot 17, Block 14.  The BB&T deed of trust is even more confusing because it states on the face of the document in the short description that the property is Lot 7, Block 14; but, the attached legal description identifies the Lot as 17.  To rectify this discrepancy, a prudent title searcher would refer back to the deed under which the debtors were the grantees. Herein lies a compounding problem.

On the face of the general warranty deed wherein the debtors acquired the property as grantees, recorded June 23, 2004, there is a "brief description for the index" which identifies the property as Lot 17; however, the attached legal description states the property is Lot 7.  Because it is unclear from the deed which lot the debtors owned, and could therefore encumber, a title searcher would have to go a step further back and consult the grantor index.  The debtors' deed refers a searcher to the instrument recorded in the grantor index at book 2034, page 514.  The deed located in book 2034 at page 514, under which previous owners took ownership on June 3,

2003, describes the property as Lot 17 (the "vesting deed").  However, the grantee index does not display the vesting deed.  Instead, it refers to a deed at book 2270, page 936.

The deed located in book 2270, page 936, recorded June 23, 2004, two minutes before the deed under which the debtors were grantees, at first glance appears to be an exact, re-recorded copy of the vesting deed.  Upon closer inspection, an additional page is included entitled "Explanation Statement To Correct Obvious Minor Error(s)."  Although this is a murky means of correcting the vesting deed, as a corrective deed would have been a cleaner way to establish clear title, this additional deed does in fact provide correct information in the attachment (the "corrected vesting deed").  Under the heading "Description of Correction" the attachment reads: "The original Deed was recorded with the wrong lot number in the description. The legal description has been corrected to read: Being all of Lot 7. . . ."  The corrected vesting deed was filed pursuant to N.C.G.S. § 47-36.1, under which notice of typographical errors in deeds or other similarly recorded instruments may be given through the filing of an affidavit. However, even this task was executed sloppily.  If done precisely, the affidavit acknowledging the error(s) is filed, and a copy of the original deed may be attached thereto.  Here, the reverse was done - the affidavit was attached behind the incorrect vesting deed.  Nevertheless, because purchasers of land are charged not only with notice of that found solely in the index, but are burdened with the duty to examine the contents of each recorded instrument in the chain of title individually, notice was given. Turner v. Glenn, 220 N.C. 620; 18 S.E.2d 197, 201 (1942)(pertaining to notice of restrictive covenants).  Therefore, in the present case, a title examiner, exercising full and reasonable care by looking at all of the documents within the debtors' chain of title would, after a laborious search, realize that although the deeds of trusts

contained discrepancies, they were intended to encumber the debtors' property.  Affidavit of Frank W. Erwin (January 14, 2011).  As was the case in <u>Rose</u>, a title searcher would be on notice; therefore, the trustee cannot act as a bona fide purchaser under 11 U.S.C. § 544 to avoid the encumbrances.

Critical to this finding is the map recorded in map book 9, page 68 in Onslow County which indicates that Lot 17 does not exist.  The map book and page number are correct on all of the deeds and deeds of trust.  Thus, even if the searcher was less than diligent and failed to cross reference the grantee and grantor indices, because the map reveals that there is no Lot 17, the searcher would be on notice that the deeds of trust contained errors but could possibly encumber Lot 7.

What would not be apparent in the chain of title on the date of the petition is the amendment to the deed of trust filed by Chase.  Because the amended deed of trust was filed one day following the petition, the deed of trust purchased by Chase, containing the Lot error, would still appear.  Regardless, the analysis is unchanged as a careful search of the grantor index would reveal the corrective vesting deed and the correct plat map.

The court reaches this result with some reluctance, because the carelessness with which this transaction was done by different counsel cannot be condoned.  The affidavit of correction was improperly done and,  hidden behind what appears to be merely a duplicate deed, could easily be missed.  Neither the closing attorney for the debtors or the separate attorney for BB&T noticed an error so basic as the mismatch between the short form description provided for registration and the legal description a few pages later in the same document.  Nonetheless, the court concludes that a title searcher more careful than any of these lawyers involved here would

7

be on notice that the deeds of trust were intended to encumber Lot 7.

Based on the foregoing, the defendants', Chase Home Finance, LLC and BB&T, motions for summary judgment are **GRANTED**.  The plaintiff's motion for summary judgment is **DENIED.**

**END OF DOCUMENT**